UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

DAVID MERCEDES,   No.: 18-cv-    (    )(    )

                              Plaintiff,   **COMPLAINT**

CLAREMONT PROPERTIES, LLC a/k/a COUTINHO PROPERTIES PLUS ULTRA and a/k/a COUTINHO PROPERTIES, COUTINHO PROPERTIES, LLC, J & M COUTINHO, LLC, CHARLES COUTINHO, LLC, JAVIND 95TH STREET APARTMENTS LLC, JAVIND APARTMENT, LLC, TOTAL RENOVATION & MANAGEMENT, INC., 350 EAST 51st Street, LLC, CHARLES COUTINHO and JOE D. COUTINHO,

                              Defendants.
----------------------------------------------------------------X

Plaintiff DAVID MERCEDES, as and for his Complaint, alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, David Mercedes (hereinafter "Mercedes" or "Plaintiff") brings this action seeking unpaid wages, including unpaid overtime compensation and interest thereon, reimbursement for unlawful deductions, liquidated damages and other penalties, and reasonable attorneys' fees and costs, under, *inter alia*, the Fair Labor Standards Act ("FLSA") §§ 6 and 7, 29 U.S.C. §§ 206 and 207.

2. This action further invokes diversity jurisdiction and the supplemental jurisdiction of this Court to consider claims arising under New York Labor Law ("NYLL") (e.g., New York Wage Payment Act; NY Labor Law §§ 191, 193, 195, and 12 N.Y.C.R.R. Part 141-1.9, 2.10, Part 142, and NY Labor Law § 215).

3. Defendants operate as a unified and centrally-controlled real estate enterprise (hereinafter referred to as the "Coutinho Enterprise") that owns and controls at least 18 rental apartment buildings in New York and Westchester Counties.

4.     The Coutinho Enterprise had –policies of encouraging, and/or requiring Plaintiff to work in excess of forty (40) hours per week, at rates of pay that were, at times, below minimum wage, and without paying them overtime compensation as required by the FLSA and NYLL.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction of this action pursuant to the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq., including under 29 U.S.C. §§ 207, 216, and 217. This Court also has jurisdiction in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. §1331), diversity jurisdiction under 28 U.S.C. §1332, and supplemental jurisdiction to consider claims arising under New York state law, pursuant to 28 U.S.C. §1367.

6.     Venue as to Defendants is proper in this judicial district, pursuant to 28 U.S.C. §1391. Defendants transact business and have agents in the Southern District and are otherwise within this Court's jurisdiction for purposes of service of process. Defendants operate facilities and employed Plaintiff in this judicial district.

7.     This Court has personal jurisdiction over the Defendants, pursuant to New York Civil Practice Law and Rules § 301, in that, *inter alia*, Defendants reside and/or transact business within this State, employed Plaintiff within the State of New York and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the law of the State of New York, and accordingly may be served with process pursuant to Fed.R.Civ.P. 4(h)(1).

## THE PARTIES

**Plaintiff.**

8.     Plaintiff Mercedes is an adult, natural person who resides in Hazleton, Pennsylvania.

9. Mercedes performed maintenance work for Defendants at various buildings owned and/or controlled by Defendants from in or about September 2015 until on or about November 18, 2017.

10. Mercedes worked in several capacities, all involving maintenance-related work at the Defendants' apartment buildings, and he was given the title/designation of "Porter" at all times during his employment.

11. At various times during his employment, Mercedes performed apartment renovation-related work, including, *inter alia*, painting and applying coatings to roofs, at approximately ten (10) of Defendants' buildings in New York City. In addition, Mercedes also performed porter/assistant responsibilities, typically at three or four of Defendants' apartment buildings in Manhattan, including, but not limited to, at 180 Claremont Avenue; 32 West 86th Street; and 69 West 107th Street, and 302, 305, 312 and 322 East 104th Street.

**Defendants.**

12. Defendants operate and directly and/or indirectly own and control at least 18 multiple family apartment buildings in Westchester and New York Counties. At all time periods relevant to this complaint, the Coutinho Enterprise, and the entities that comprise it, were controlled by members of the Coutinho family, including Charles and Joe Coutinho.

13. The Coutinho Enterprise functions for a common business purpose, to wit: owning, controlling and managing rental apartment buildings located in New York and Westchester Counties through its constituent entities from a centralized main office located at 60 East 42nd Street, New York, NY.

14. The Coutinho Enterprise and its constituent entities (including all of the Defendants herein) share a common logo, a common website, and the Coutinho Enterprise publicly presents itself as a single, unified business enterprise with extensive residential real estate experience. On its website, the Coutinho Enterprise describes itself as: "Coutinho

Properties: forty years of real estate experience in the greater New York area". (https://coutinhoproperties.com/brokerage/, accessed on February 10, 2018).

15. On its website, the Coutinho Enterprise describes its "Manhattan Portfolio" as consisting of: 302, 305, 312, and 322 East 104th Street; 328 East 74th Street; 305 East 95th Street; 317 East 75th Street; 180 Claremont Avenue; 32 West 86th Street, 69 West 107th Street; 108-11- West 111th Street; 5 West 101st Street; 245-247 West 113th Street; and 230 West 113th Street. (https://coutinhoproperties.com/property/property/ (accessed on February 10, 2018).

16. Upon information and belief, and at all times herein relevant, Claremont Properties LLC ("Claremont") is a New York corporation doing business in New York, Bronx and Westchester Counties of the State of New York, with a principal place of business located at 60 East 42nd Street, New York, New York 10165.

17. Upon information and belief, at times relevant hereto, Claremont was the title holder and owner of record of several buildings where Plaintiff performed work, including, *inter alia*, 180 Claremont Avenue, New York, NY and 317 East 75th Street, New York, NY.

18. Upon information and belief, Coutinho Properties, LLC, is a New York corporation doing business in New York County, New York, with a principal place of business at 60 East 42nd Street, New York, New York 10165.

19. Upon information and belief, Coutinho Properties, LLC, is owned and controlled by members of the Coutinho family, including but not limited to Joe Coutinho.

20. Upon information and belief, J & M Coutinho is the title owner of 322 East 104th Street, New York, NY, where Mercedes performed porter and painting work in or about 2015.

21. Upon information and belief, Javind 95th Street Apartments is a New York corporation doing business in New York County, New York, and it holds title to 303 and 305

4

East 95th Street, where Mercedes performed painting work at various periods of time while he was employed by Defendants.

22. Upon information and belief, Javind Apartment, LLC, is a New York corporation doing business in New York County, New York, and, upon information and belief, it is the title owner of: (a) 32 West 86th Street, New York, NY, where Mercedes performed work as a porter, including cleaning hallways and garbage removal; and (b) 230 West 113th Street, New York, NY, where for approximately eight months, Mercedes performed painting, as well as general porter responsibilities.

23. Upon information and belief, 350 East 51st Street, LLC is a corporation organized under the laws of the State of New York doing business in New York County, and it holds title to and owns 69 West 107th Street, where Mercedes painting, cleaning, and garbage removal and handling recyclables.

24. Upon information and belief, Charles Coutinho, LLC is a New York corporation doing business in New York County, New York, and it is controlled by Defendant Charles Coutinho and functions as part of the Coutinho Enterprise.

25. Upon information and belief, Charles Couthino, LLC serves as managing agent for most, if not all, of the buildings controlled by the Coutinho Enterprise, including but not limited to: 322 East 104 Street, New York, NY; 69 West 107th Street, New York, NY; 108 West 111th Street, New York, NY; 230 West 113th Street, New York, NY; 328 East 74th Street, New York, NY; and 317 East 75th Street.

26. Upon information and belief, Total Renovation & Management, Inc. is a New York Corporation that, during certain time periods relevant to this complaint, issued wages to Plaintiff.

27. Upon information and belief, Total Renovation & Management, Inc. maintains an office for the conduct of business in Westhampton, New York and, in addition,

5

in certain paystubs that Total Renovation and Management, Inc. issued to Mercedes, it identified a P.O. Box in Yonkers as its mailing address.

28. Upon information and belief, Charles Coutinho is an adult natural person who is Managing Director & Principal of Claremont Properties, LLC.

29. Upon information and belief, Charles Coutinho exercises control over and is the most senior corporate officer and/or managing member of Coutinho Properties, LLC.

30. Upon information and belief, Charles Coutinho maintains an office for the conduct of business in the City, County and State of New York.

31. Upon information and belief, Joe D. Coutinho is an adult, natural person who exercises control over and is the most senior corporate officer and/or managing member of Total Renovation & Management, Inc.

32. Upon information and belief, Joe D. Coutinho maintains a residence, as well as an office for the conduct of business, in the City, County and State of New York.

33. Upon information and belief, Joe D. Coutinho exercises control over and is the most senior corporate officer and/or managing member of Total Renovation & Management, Inc. and, as Operations Manager, he exercises decision-making authority with respect to wage and hour practices, procedures and policies for the Coutinho Enterprise.

34. Upon information and belief, at all times herein relevant, all Defendants comprise the Coutinho Enterprise.

35. The Coutinho Enterprise (and the entities of which it is comprised, including all of the defendants herein) is an integrated enterprise, with common management, control, personnel, wage and overtime policies, ownership, and inextricably intertwined operations and functioning.

**COMMON FACTUAL ALLEGATIONS**

36. As described herein, Defendants have, for years, knowingly engaged in unlawful business practices by requiring employees to work numerous hours of overtime on a daily and/or weekly basis without overtime compensation.

37. Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38. At all relevant times, Defendants employed, and/or continue to employ, Mercedes within the meaning of the FLSA.

39. At all relevant times, Defendants employed, and/or continue to employ, Mercedes within the meaning of the NYLL, §§ 2 and 651.

40. Upon information and belief, at all relevant times, the Coutinho Enterprise has had annual gross revenues in excess of $500,000.00.

**BACKGROUND FACTS REGARDING DEFENDANTS' WAGE VIOLATIONS**

41. Mercedes began working for the Coutinho Enterprise in or about September 2015 until on or about November 18, 2017. Initially, Defendants hired Mercedes to handle renovation-related work. This work involved remodeling and painting hallways. Later, Mercedes worked on a variety of projects, including, *inter alia*, applying liquid coatings to roofs, painting fire escapes, and assisting with apartment turn-overs for apartments that had been vacated by tenants.

42. In or about January 2016, Mercedes began performing <u>both</u> renovation/maintenance projects at buildings located throughout upper Manhattan, as well as routine porter responsibilities (including, *inter alia*, cleaning, snow removal and handling garbage and recycling) at approximately four buildings.

43. Ultimately, during the course of his employment, Mercedes performed work in connection with renovation/maintenance projects at approximately twelve (12) of the Coutinho Enterprise's buildings.

44. Throughout his employment, Mercedes was unlawfully deprived of overtime compensation to which he is entitled under the Fair Labor Standards Act and NYLL, even though Mercedes worked more than forty (40) hours per week.

45. Instead of providing timesheets for Mercedes to fill out or other mechanisms (such as time clocks) to accurately report his work hours, a supervisor would report only a portion of Mercedes' overtime work, which excluded a substantial number of overtime hours that Mercedes actually performed. For these unreported hours, Mercedes received no pay at all.

46. Defendants' unlawful violations of the FLSA and NYLL overtime requirements involved: (a) providing Mercedes with no pay at all for a substantial number of the hours above forty (40) per week that he worked; (b) with respect to the partial overtime hours for which Defendants did issue compensation, until approximately April 2017, Defendants unlawfully paid Mercedes at his regular hourly rate for these hours, rather than 1.5 times his regular rate of pay. Defendants also completely neglected to pay spread-of-hours compensation, in violation of the NYLL.

*September 2015 – January 2016 (Approximately First Four Months of Employment):*

47. Solely by way of example, beginning in or about September 2015 until January 2016, Mercedes performed renovation work and painting hallways at 305 East 95th Street in Manhattan, which entailed his working six days per week (Monday through Saturday) as follows: (a) Weekdays, Monday through Friday, from approximately 7:30 a.m. to approximately 6:30 p.m. and (b) Saturdays from approximately 7:30 a.m. to 5:00 p.m. (for a total of approximately 58.5 hours per week (*i.e.*, 18.5 hours of overtime per week).

48. Mercedes' work schedule and pay during the month of November 2015 exemplifies the substantial amount of past-due minimum and overtime wages that Defendants owe Mercedes for work performed during this four-month period. Although Mercedes worked approximately 18.5 hours of overtime per week, for a total of approximately seventy-four (74) overtime hours for the month, Defendants paid Mercedes for only forty-six (46) of these overtime hours. Furthermore, these payments were unlawfully at Mercedes' regular hourly rate of $9.38 per hour, rather than the premium hourly rate required for hours worked above forty per week.

49. Accordingly, during the month of November 2015, Defendants failed to pay *any* compensation at all to Mercedes for twenty-eight (28) hours that Mercedes worked.

50. Therefore, it is conservatively estimated that for the month of November 2015, Defendants unlawfully failed to pay Mercedes: (a) $393.96 for twenty-eight 28 overtime hours for which Mercedes received no pay; plus (b) $215.74 for forty-six 46 hours of overtime that Defendants unlawfully compensated Mercedes at his regular hourly rate. Therefore, for this month alone, Defendants owe Mercedes $609.70 plus liquidated damages in an equal amount, for a total of $1,219.40, as well as Spread-of-Hours pay and damages for Defendants' failure to provide wage statements and notices required by the NYLL.

## AS AND FOR A FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

51. Plaintiff Mercedes repeats and realleges all paragraphs above as though fully set forth herein.

52. At all relevant times hereto, the Defendants have been employers engaged in commerce, as defined under 29 U.S.C. § 203(b) and (d). Defendants employed Plaintiff as a maintenance/renovation worker and porter, which engaged Mercedes in commerce, as defined under 29 U.S.C. §§ 203(b), (e), (g) and 29 U.S.C. § 207(a) (1). At all times relevant

hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(1).

53. At all times relevant to this action, Defendants were Mercedes' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

54. Defendants had the power to fire Mercedes, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for his employment.

55. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

56. Defendants failed to pay Mercedes at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

57. Mercedes was damaged in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
**FLSA Overtime Wage Violations, 29 U.S.C. §§ 201** *et seq.*

58. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

59. At all relevant times hereto, the Defendants have been employers engaged in commerce, as defined under 29 U.S.C. § 203(b) and (d). Defendants employed Mercedes as a maintenance/renovation worker and porter, which engaged Mercedes in commerce, as defined under 29 U.S.C. §§ 203(b), (e), (g) and 29 U.S.C. § 207(a) (1). At all times relevant hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(1).

60. In the performance of his duties for Defendants, Mercedes worked substantially more than forty (40) hours per week, yet he did not receive overtime compensation for the work, labor and services he provided to Defendants, as required by the

FLSA, 29 U.S.C. §§ 206 and 207. The precise number of unpaid overtime hours will be proven at trial.

61. Defendants' violations of the FLSA were willful violations of the FLSA, within the meaning of 29 U.S.C. § 255(a).

62. As a result of the foregoing, Mercedes seeks judgment against Defendants for all unpaid wages, including overtime wages owed by Defendants to Mercedes for the three-year period preceding the filing of this case, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

## AS AND FOR A THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE LAW

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64. At all times relevant to this cause of action, Defendants were Mercedes' employers within the meaning of N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff and to control the terms and conditions of his employment, including the rates and methods of his compensation.

65. Defendants, in violation of the NYLL, paid Mercedes less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

66. As alleged above, Defendants failed to pay wages for certain of the hours that Mercedes worked.

67. Defendants' failure to pay minimum wages was willful within the meaning of N.Y. Lab. Law § 663.

68. Mercedes was damaged in an amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION
**New York State Labor Law – Overtime Wages**

69. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70. The overtime wage provisions of the NYLL, including Article 19, and its supporting regulations, apply to Defendants and Plaintiff.

71. Defendants willfully failed to pay Plaintiff for all of the hours that he worked in excess of 40 hours in a workweek.

72. Defendants willfully failed to pay Plaintiff premium overtime at a rate of time and one-half his regular hourly rate for all hours worked in excess of 40 hours per workweek.

73. Defendants willfully failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff.

74. As a result of Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per workweek, Plaintiff is entitled to compensation unpaid overtime, liquidated damages, attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## AS AND FOR A FIFTH CAUSE OF ACTION
**Illegal Deductions, New York Labor Law, Article 19 § 193**
**12 N.Y.C.R.R. § 2.10(a).**

75. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

76. In violation of the New York Labor Law, Article 19, § 193, Defendants unlawfully deducted wages from Plaintiff, including *inter alia*, deductions by requiring Plaintiff spend his own money on work-related expenses, including for travel during the workday between different worksites.

### AS AND FOR A SIXTH CAUSE OF ACTION
**Wage Statement Violations of the New York Labor Law**

77. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

78. Defendants willfully failed to provide Plaintiff with written notices, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such information as required by NYLL § 195(3) and/or 198(1-b).

79. Mercedes is entitled to recover from Defendants wage-notice statutory damages of $50 dollars "for each work *day* that the violations occurred or continue to occur," not to exceed $5,000. 2014 N.Y. Laws ch. 537 § 2, amending N.Y. Lab. Law § 198 (1-b). Defendants also violated the NYLL § 195(3) wage statement requirements, for which the Defendants are liable for $250.00 per workday, up to $5,000, as well as attorneys' fees, costs, and pre-judgment and post-judgment interest.

### AS AND FOR A SEVENTH CAUSE OF ACTION
**Violation of the Spread of Hours Wage Order
of the New York Commissioner of Labor**

80. Plaintiff Mercedes repeats and realleges all paragraphs above as though fully set forth herein.

81. Defendants failed to pay Mercedes one additional hour's pay at the basic minimum wage rate before allowances for each day Mercedes' spread of hours exceeded ten hours in violation of the New York Lab. Law §§ 190 et seq. and 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6

82. Defendants failure to pay an additional hour's pay for each day Mercedes' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

83. Mercedes was damaged in an amount to be determined at trial.

## RELIEF SOUGHT

**WHEREFORE,** the Plaintiff, David Mercedes, respectfully requests that the Court grant the following relief:

1. That the Court declare, adjudge and decree that Defendants violated the minimum wage and overtime provisions of the FLSA and NYLL as to Plaintiff;

2. That the Court make an award to Plaintiff of damages and/or restitution for the amount of unpaid compensation, unpaid minimum wages, unpaid overtime compensation, including interest thereon, and statutory penalties in an amount to be proven at trial, as well as liquidated damages.

3. That the Court make an award to the reimbursement for all unlawful deductions, including costs that Plaintiff incurred travelling between worksites.

4. An award of statutory damages for Defendants' failure to provide Plaintiff with statements and information required by NYLL § 198(1-b) and (1-d) and NYLL § 195(3).

5. Declaring that Defendants violated the Spread of Hours Order of the New York Commissioner of Labor and NYLL;

6. That the Court make an award of damages for unpaid Spread of Hours compensation;

7. For all other Orders, findings and determinations identified and sought in this Complaint;

8. For prejudgment and postjudgment interest on the amount of any and all economic losses, at the prevailing legal rate, to the fullest extent allowed by law;

9. For reasonable attorneys' fees and expenses of this action, pursuant to 29 U.S.C. § 216(b), New York Labor Law and as otherwise provided by law; and

10. Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: February 13, 2018                              **RAPAPORT LAW FIRM, PLLC**

By: s/ _____
Marc A. Rapaport, Esq.
Attorney for Plaintiff
 David Mercedes
Rapaport Law Firm, PLLC
One Penn Plaza, Suite 2430
New York, New York 10119
Ph: (212) 382-1600
mrapaport@rapaportlaw.com