UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID MERCEDES,

                                  Plaintiff,

-against-

CLAREMONT PROPERTIES, LLC a/k/a
COUTINHO PROPERTIES PLUS ULTRA and a/k/a
COUTINHO PROPERTIES, COUTINHO
PROPERTIES, LLC, J & M COUTINHO, LLC,
CHARLES COUTINHO, LLC, JAVIND 95TH
STREET APARTMENTS LLC, JAVIND
APARTMENT, LLC, TOTAL RENOVATION &
MANAGEMENT, INC., 350 EAST 51st Street, LLC,
CHARLES COUTINHO and JOE D. COUTINHO,

                                  Defendants.
------------------------------------------------------------X

Docket No. 18-CV-01268

**SETTLEMENT AGREEMENT AND RELEASE**

      This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among DAVID MERCEDES ("Plaintiff"), on the one hand, and CLAREMONT PROPERTIES, LLC a/k/a COUTINHO PROPERTIES PLUS ULTRA and a/k/a COUTINHO PROPERTIES, COUTINHO PROPERTIES, LLC, J & M COUTINHO, LLC, CHARLES COUTINHO, LLC, JAVIND 95TH STREET APARTMENTS LLC, JAVIND APARTMENT, LLC, TOTAL RENOVATION & MANAGEMENT, INC., 350 EAST 51st Street, LLC, CHARLES COUTINHO and JOE D. COUTINHO (collectively, "Defendants"), on the other hand.

      WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

      WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No. 18-CV-01268 (hereinafter "the Litigation"), by Plaintiff, alleging, among other things, violations by Defendants of federal (FLSA) and state (NYLL) wage and hour laws; and

      WHEREAS, Plaintiff and Defendants (collectively, the "Parties") desire to resolve all disputes arising out of or attributable to the claims alleged in the Litigation, including claims relating to employment compensation; and

      WHEREAS, Plaintiff and Defendants understand and agree that Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in Plaintiff's pleadings in the Litigation, or otherwise relating to the Litigation, and in

any other proceeding commenced by, on behalf of, or involving Plaintiff, and in any other document or statement whatsoever; and

WHEREAS, Plaintiff and Defendants understand and agree that neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with any federal, state, municipal, or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Defendants' policies, practices, benefit plans, compensation plans or procedures, or of other wrongdoing; and

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. **Payment.**

   (a)   Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete and final settlement and final satisfaction of any and all claims that Plaintiff asserted in the Litigation against Defendants, including all counsel fees and costs incurred by Plaintiff, the sum of Twenty Five Thousand Dollars ($25,000.00) (the "Settlement Amount") as follows:

   i)   A check in the sum of $8,775.00, as and for purported lost wages and benefits, payable to the order of DAVID MERCEDES, from which estimated deductions will be made for taxes and other withholdings, which shall be based on published withholding tables using an annual payroll period, and for which a W-2 tax form shall be issued to him in 2019;

   ii)   A check in the net sum of $8,775.00 payable to DAVID MERCEDES, from which no withholding, deduction or setoff shall be made, and for which an IRS form 1099 may be provided to him in 2019, on which form Defendants shall check box 3 ("other income"); and

   iii)   A check in the sum of $7,450.00 payable to RAPAPORT LAW FIRM, PLLC, as and for attorneys' fees and expenses, from which no setoffs, withholdings and/or deductions shall be made, and for which an IRS Form 1099 may issue to Rapaport Law Firm, PLLC, in 2019.

   (b)   The payments set forth above in Paragraph 1(a) shall be delivered to or mailed to the attention of Marc Rapaport, Esq., Rapaport Law Firm, PLLC, One Penn Plaza, Suite 2430, New York, New York 10119, within ten (10) days of the Court's approval of the proposed settlement.

   (c)   In the event that Defendants fail to remit the full Settlement Amount of $25,000.00 within the time period set forth in subparagraph 1(b) above: (i) Plaintiff may issue a notice of default to Defendants' counsel via overnight mail; (ii) if Defendants do not cure and pay all amounts due and owing within fourteen (14) days of issuance of the notice of default, the

amounts due and owing will increase by 10%, including but not limited to those for attorneys' fees and costs, and (iii) if Defendants fail to deliver the full settlement amount so that it is received, in hand, at Rapaport Law Firm, PLLC within fourteen (14) days after issuance of the notice of default, Plaintiff shall be entitled to enter judgment in the sum outstanding against Defendants, for which Defendants shall be jointly and severally responsible. The Court shall retain jurisdiction for the purposes of enforcing this Agreement, including the issuance of the foregoing judgment in the event of a default in payment by Defendants.

2. **Plaintiff's Commitments.**

(a) Plaintiff shall submit all documents reasonably necessary to obtain dismissal of this action with prejudice as against Defendants; however, the Court shall retain jurisdiction pursuant to the terms of this Agreement so that the Court has jurisdiction to enter judgment in the event of the Defendants' failure to comply with Defendants' payment obligations set forth in Paragraph 1 of this Agreement.

(b) Provided that this Agreement is approved by the Court, except to enforce the terms of this Agreement or as otherwise provided herein, Plaintiff shall not institute, be represented in, participate in or cause to be submitted or filed on Plaintiff's behalf any claim related to wages or employment compensation, whether in an individual, class or other action, before any administrative agency, court, or other forum.

3. **Releases by the Plaintiff and Defendants.**

(a) Provided that this Agreement is approved by the Court, Plaintiff, on the one hand, and Defendants, on the other hand, in consideration of good and valuable consideration received, the receipt of which is hereby acknowledged, hereby mutually release and forever discharge each other, any insurers of the parties, and the parties' respective agents, parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns of and from any known claims, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, controversies, and expenses (including attorneys' fees and costs) at law or in equity arising out of or attributable to Plaintiff's employment, from the beginning of time until the date of the execution of this Agreement, including all claims alleged in the Litigation; unpaid minimum wage or overtime pay or other violation of the Fair Labor Standards Act, 29 U.S.C. section 201 *et seq.*; unpaid minimum wage and overtime pay, or other claims under the New York Labor Law or Part 146 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law), all as amended.

(b) Provided that this Agreement is approved by the Court, Plaintiff understands and agrees that he may not reinstate the claims that he has brought in the Litigation or use this Agreement as evidence in, or the subject matter of, any future lawsuit or proceeding against Defendants, except in an action instituted by either party alleging a breach of this Agreement.

(c)     Provided that this Agreement is approved by the Court, Defendants release and discharge Plaintiff from all compulsory counterclaims, whether actually asserted or not, related to the Litigation.

(d)     The Parties agree that, should any federal, state or local taxes be determined to be owing by any party on the payment of the sums received by Plaintiff under this paragraph, each party shall be solely and completely responsible for his, her or their taxes, interest or penalties.

## 4. Mutual Nondisparagement

Plaintiff agrees that he will not, directly or indirectly, in public or in private, deprecate, impugn, disparage or make any remark or comment, either written or oral, which could be construed as negative or defamatory concerning the Defendants or any of their respective employees, shareholders, or board members. Nothing herein shall prevent Plaintiff from making truthful statements relating to Plaintiff's employment, the Litigation, and/or its resolution. Likewise, Defendants agree that they will not, directly or indirectly, in public or in private, deprecate, impugn, disparage or make any remark or comment, either written or oral, which could be construed as negative or defamatory concerning Plaintiff. Nothing herein shall prevent any member of Defendants' respective boards of directors from communicating with their respective boards of directors and shareholders regarding Plaintiff's claims in the Lawsuit, Defendants' defenses to the claims, the Parties' decision to settle the Lawsuit and enter into this agreement, and the Parties' obligations hereunder, or from otherwise making truthful statements relating to Plaintiff's employment, the litigation, and/or its resolution. In response to requests for employment references, Defendants shall neutrally respond with only the dates of employment and positions held.

## 5. Status of Settlement if Court Does Not Approve this Agreement.

In the event that the Court does not approve this Agreement, as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the Parties shall proceed in all respects as though the Agreement had not been executed.

## 6. No Other Entitlement.

Plaintiff affirms that he has been paid and has received all compensation, wages, overtime, bonuses, commissions, benefits and other monies to which he was entitled under the FLSA and NYLL and that no other compensation, wages, overtime, bonuses, commissions, benefits or other monies are due with regard to Plaintiff's claims under the FLSA and NYLL, except the payments expressly set forth in this Agreement. Plaintiff is unaware of any other claims against the Defendants arising from their employment.

## 7. No Admission of Wrongdoing.

Plaintiff and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability or unlawful conduct of any kind by Defendants. Similarly, this Agreement shall not be considered an admission by Plaintiff that his claims lacked merit.

8.   **Dismissal of the Litigation.**

If the Action has not already been dismissed by the Court upon approval of this Agreement, Plaintiff shall file with the Court, within seven (7) days of receipt of payment in accordance with Paragraph 1, a stipulation of Dismissal with Prejudice (in the form of Exhibit A, attached hereto, which is incorporated in this Agreement by reference).

9.   **Modification of Agreement.**

This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants and approved by the Court.

10.  **Counterparts.**

This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

11.  **Notices.**

*To Plaintiff:*
Marc A. Rapaport, Esq.
Rapaport Law Firm, PLLC
One Penn Plaza, Suite 2430
New York, NY 10119
Email: mrapaport@rapaportlaw.com

*To Defendants:*
Matthew Persanis, Esq.
Elefante & Persanis, LLP
141 Hillside Pl.
Eastchester, New York 10709
Email: mp@elefantepersanis.com

12.  **Authority.**

Each person signing this Agreement represents and warrants that he is duly authorized and has legal capacity to execute and deliver this Agreement. Each party represents and warrants to the other that the execution and delivery of the Agreement and the performance of such

party's obligations hereunder have been duly authorized and that the Agreement is a valid and legal agreement binding on such party and enforceable in accordance with its terms.

13. **Acknowledgment.**

Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

*Karina Gulfo*

Plaintiff acknowledges that the foregoing has been translated into Spanish by ~~Marcela Cabezas~~ of the Rapaport Law Firm. [Los Demandantes reconocen que lo anterior ha sido traducido al español por ~~Marcela Cabezas~~ de el Rapaport Law Firm.]

*Karina Gulfo*

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: ~~September~~ October 8, 2018

By: _____
DAVID MERCEDES
Dated: 10-08-2018

By: _____
CLAREMONT PROPERTIES, LLC
Title: Managing Director
Dated: 4 October 2018

By: _____
COUTINHO PROPERTIES, LLC
Title: Managing Director
Dated: 4 October 2018

By: _____
J & M COUTINHO, LLC
Title: Managing Director
Dated: 4 October 2018

By: _____
CHARLES COUTINHO, LLC
Title: Managing Director
Dated: 4 October 2018

6

By: _____
JAVIND 95th STREET APARTMENTS, LLC
Title: Managing Director
Dated: 4 October 2018

By: _____
JAVIND APARTMENT, LLC
Title: Managing Director
Dated: 4 October 2018

By: _____
TOTAL RENOVATION & MANAGEMENT, INC
Title: Managing Director
Dated: 4 October 2018

By: _____
350 EAST 51st Street, LLC
Title: Managing Director
Dated: 4 October 2018

By: _____
CHARLES COUTINHO
Dated: 4 October 2018

By: _____
JOE D. COUTINHO
Dated: 4 October 2018

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID MERCEDES,

                                      Plaintiff,

  -against-

CLAREMONT PROPERTIES, LLC a/k/a
COUTINHO PROPERTIES PLUS ULTRA and a/k/a
COUTINHO PROPERTIES, COUTINHO
PROPERTIES, LLC, J & M COUTINHO, LLC,
CHARLES COUTINHO, LLC, JAVIND 95TH
STREET APARTMENTS LLC, JAVIND
APARTMENT, LLC, TOTAL RENOVATION &
MANAGEMENT, INC., 350 EAST 51st Street, LLC,
CHARLES COUTINHO and JOE D. COUTINHO,

                                        Defendants.
------------------------------------------------------------X

Docket No. 18-CV-01268

**STIPULATION OF DISMISSAL**

    **IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above captioned action through their undersigned counsel that, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs except as provided for in the Settlement Agreement; and

    **IT IS FURTHER STIPULATED AND AGREED THAT** Plaintiff is precluded from bringing any further claims under the Fair Labor Standards Act, the New York Labor Law, or any federal, state or local law, for unpaid wages, including overtime pay, for the period set forth in Plaintiff's Complaint. This Court shall retain jurisdiction to enforce the Parties' Settlement and Release Agreement.

1

IT IS FURTHER STIPULATED AND AGREED that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

Elefante & Persanis, LLP          Rapaport Law Firm, PLLC
*Attorneys for Defendants*        *Attorneys for Plaintiff*


_____    _____
By: Matthew Persanis, Esq.        By: Marc Rapaport, Esq.
141 Hillside Pl.                  One Penn Plaza, Suite 2430
Eastchester, New York 10709       New York, New York
(914) 961-4400                    (212) 382-1600

Dated: _____, 2018         Dated _____, 2018


SO-ORDERED:

_____
Hon. Katherine Polk Failla, U.S.D.J.

Dated: New York, New York

_____, 2018

2